Zimmerman, J.
Respondent does not seriously contest the remedy of mandamus as chosen by relator, and this court has decided to accept jurisdiction and to dispose of the controversy on its merits. It is a matter of some importance, concerns the rights and status of a number of employers and employees, and involves an interpretation and application of statutory law.
In line with the allegations of the petition, relator contends, first, that the compensation award to Bobich was for a disability caused by a noncompensable occupational disease and *539 was in violation of the second paragraph of Section 4123.68, Eevised Code, which recites:
“The following diseases shall he considered occupational diseases and compensable as such when contracted by an employee in the course of his employment in which such employee was engaged at any time within 12 months previous to the date of his disablement and due to the nature of any process described in this section.”
From the quoted language, relator argues that the disability did not result from a compensable occupational disease because such disease was not contracted in the course of the employment in which Bobich was engaged during the 12 months prior to his- disability, and that, therefore, the compensation award was made in violation of Section 4123.68, Eevised Code. Is such contention meritorious?
Present Section 4123.68, Eevised Code, was formerly Section 1465-68a, General Code, and the latter section was initially enacted in 1921 and listed 15 specific compensable occupational diseases, and silicosis ivas not among them. It is to be noted that the second paragraph of Section 4123.68, Eevised Code, is, for all practical purposes, identical with the. second paragraph of Section 1465-68a, General Code, as enacted in 1921. In 1937, Section 1465-68a, General Code, was considerably enlarged and a subdivision, 22, was added, devoted exclusively to silicosis. Certain conditions were prescribed therein to make one eligible to receive a silicosis award. Then, as now, compensation is payable only in the event of temporary total disability, permanent total disability or death.
In 1939 there was another amendment of subdivision 22 of Section 1465-68a, which liberalized the provisions of the law in favor of the silicosis victim. In 1945, the subdivision last mentioned- was again amended significantly, the amendment extending the period in which compensation may be claimed and paid for disability or death due to silicosis from two to eight years after the last injurious exposure to silica dust. Therefore, at first, that is, from 1937 to 1939, this period was one year; from 1939 to 1945, two years; and from 1945 to the present time, eight years.
So far as it is pertinent to the present controversy, subdivi *540 sion (W) of Section 4123.68, Revised Code, first, defines the disease of silicosis; second, denies an employee or his dependents compensation for disability or death unless the employee has been injuriously exposed to silicia dust in his employment in Ohio for periods amounting in all to at least three years, some portion of which has been after October 12, 1945; third, provides that compensation and incidental expenses due to silicosis are payable only in the event of temporary total disability, permanent total disability, or death, in accordance with designated sections of the Revised Code, and only in the event such disability or death results within eight years after the last injurious exposure; and, fourth, provides that claims of an employee for compensation and expenses are forever barred, unless application therefor is made to the commission within one year after total disability began, or within such longer period, not exceeding six months, after diagnosis of silicosis by a licensed physician.
It is clear in the instant case that Bobich filed his claim with respondent within one year after his total disability began, and that such total disability occurred within eight years after his last injurious exposure and while he was employed by relator subsequent to 1945.
Subdivision (W) of Section 4123.68, Revised Code, dealing specifically with silicosis, must be given full force and effect and can not be eliminated by the second paragraph of the section relied on by relator and which was placed in the law long before silicosis was recognized as a impensable occupational disease. In other words, the specific provision relating to silicosis takes precedence over and controls the general provision relied on by relator and which has reference to occupational diseases generally.
In the case of State, ex rel Bessler, v. Industrial Commission, 157 Ohio St., 297, 105 N. E. (2d), 264, decided in 1952, this court had occasion to consider Section 1465-68a, General Code, as it existed prior to the 1945 amendment referred to, and it is plainly intimated in that case that had the eight-year 1945 amendment been applicable, a different conclusion might have been reached.
*541 As concerns the instant case, there is no question that the 1945 amendment is controlling.
By its very nature silicosis is a disease which develops over a considerable length of time. It is of gradual contraction and becomes progressively worse until total disability, temporary or permanent, or death results. Under Ohio law, no compensation is payable unless there is total disability and whether that condition exists is a question of fact to be determined solely by the Industrial Commission. State, ex rel. Bevis, v. Blake et al., Industrial Commission, 159 Ohio St., 491, 112 N. E. (2d), 663.
Since 1937, when silicosis was first made a compensable occupational disease, the General Assembly has continuously liberalized the conditions authorizing awards for that affliction. Upon the basis of the foregoing analysis, we can not escape the conclusion that Bobich had a compensable claim, that it was timely asserted, and that the respondent neither abused its discretion nor acted unlawfully in allowing the claim.
Next relator insists that respondent is chargeable with a gross abuse of discretion in charging against it the compensation award made to Bobich as a 1954 liability award. Under the provisions of Section 4123.31, Revised Code, the Industrial Commission is given wide latitude, based upon experience, regarding the rating of employers as concerns occupational diseases. So far as pertinent, that section reads:
“The commission may apply that form of rating system which, in its judgment is best calculated to merit rate or individually rate the risk most equitably, predicated upon the basis of its individual occupational disease experience after January 1, 1942, and encourage and stimulate the prevention of occupational diseases. The commission shall develop fixed and equitable rules controlling the same, which rules shall conserve to each risk the basic principles of workmen’s compensation insurance.”
Pursuant to this statutory authorization, respondent adopted and promulgated its rule III which applies to both occupational-disease and injury cases. That rule sets out a formula governing respondent’s procedure in establishing an employer’s premium rates based upon such employer’s ex- *542 perienee with regard to injuries or occupational diseases. It is nowhere made mandatory by statute or otherwise that injury and occupational-disease claims must be similarly treated or similarly charged against an employer’s risk, and it is well settled that courts will not undertake to control the lawful exercise of the discretion vested in the Industrial Commission with respect to determinations covering classifications, establishment of basic rates and merit ratings. 42 Ohio Jurisprudence, 793, Section 153; State, ex rel. River Mining Co., v. Industrial Commission, 136 Ohio St., 221, 24 N. E. (2d), 947.
It would seem only just and equitable and in keeping with sound practice to charge a particular employer as far as practicable with those injuries and occupational diseases sustained by his employees. If his experience and history are bad in these respects, that is his misfortune. Other employers generally or in the same classification with more favorable records ought not to be unfairly penalized by being required to contribute disproportionately toward the losses of bad-record employers. Respondent has apparently found through experience that the most equitable manner to meet the cost of a silicosis claim is to charge it to the employer responsible, and that the date total disability begins rather than the date of the last injurious exposure is the proper one to use.
We can discover no sound or valid reason to interfere with the action taken by respondent against relator, and we can not find that respondent overstepped the bounds of its authority in what it did.
Relator herein has not met the requirements to entitle it to a writ of mandamus, as concerns either of its contentions, and such writ is therefore denied.

Writ denied.

Weygandt, C. J., Stewart, Taet, Matthias, Beul, and Herbert, JJ., concur.